UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TOMMIE DEXTER                                                                            PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 1:17CV55-HSO-RHW

ROSE MARY BUEHLER[1]                                                         DEFENDANT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Plaintiff Tommie Dexter, proceeding *pro se* and *in forma pauperis*, filed a civil action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration.  The Social Security Administration previously found Plaintiff disabled as of June 1, 2008, due to poor vision.  Doc. [9] at 50-65.  A subsequent continuing disability review revealed that her vision improved so that as of July 31, 2013, she no longer was disabled.  *Id.* at 46-47, 66-69.  On reconsideration, this decision was affirmed.  *Id.* at 48-49.  Plaintiff requested and was granted a hearing before an administrative law judge (ALJ). *Id.* at 29-43, 81.  On February 29, 2016, the ALJ issued a decision finding that Plaintiff's disability ended on July 31, 2013.  *Id.* at 16-23.  The Appeals Council denied Plaintiff's request for review.  *Id.* at 5-7.  Thus, the decision of the Commissioner terminated Plaintiff's disability insurance benefits under Title II and supplemental security income under Title XVI.  *Id.* at 7. Plaintiff then filed the instant lawsuit seeking review of the final decision of the Commissioner. Doc. [1].  Plaintiff filed a two-page "Response in Opposition to Answer to Complaint".  Doc.

---

[1] As noted in Defendant's memorandum, Nancy A. Berryhill is now the Acting Commissioner of Social Security. Doc. [11] at 1 n.1.

[10].  She attached 40 pages of medical records in support of her pleading.  Doc. [10-1].  In turn, Defendant filed a "Memorandum in Opposition to the Complaint".  Doc. [11].

## Law and Analysis

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence.  *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).  If the court determines the Commissioner's decision to be supported by substantial evidence, then the findings are conclusive and the court must affirm the decision.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  *See also* 42 U.S.C. § 405(g).  This standard requires supporting evidence that is "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court is not permitted to "reweigh the evidence in the record, nor try any issues de novo, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision."  *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988).  "'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'"  *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).  While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language.  *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

Because the instant lawsuit involves a "medical improvement" case rather than a claim for initial disability benefits, the Commissioner must prove in all relevant respects that the

person is no longer disabled. *Waters v. Barnhart*, 276 F.3d 716, 718-19 (5th Cir. 2002). In determining whether a claimant has experienced medical improvement, the Commissioner applies an eight-step sequential evaluation process for termination of Title II claims, and a seven-step sequential evaluation process for termination of Title XVI claims. 20 C.F.R. § 416.994(f) & 20 C.F.R. § 404.1594(f); *Griego v. Sullivan*, 940 F.2d 942, 944 n.1 (5th Cir. 1991). The analysis is basically the same except that performance of substantial gainful activity is not a factor used in the Title XVI analysis. *Hector v. Astrue*, No. 08–979, 2010 WL 1141218, at *2 (W.D.La. Mar. 1, 2010). The eight-step evaluation process considers (1) whether claimant is engaging in substantial gainful activity; (2) if not gainfully employed, whether the claimant has an impairment or combination of impairments which meets or equals a listing; (3) if impairments do not meet a listing, whether there has been medical improvement; (4) if there has been medical improvement, whether the improvement is related to the claimant's ability to do work; (5) if there is improvement related to claimant's ability to do work, whether an exception to medical improvement applies; (6) if medical improvement is related to the claimant's ability to do work or if one of the first groups of exceptions to medical improvement applies, whether the claimant has a severe impairment; (7) if the claimant has a severe impairment, whether the claimant can perform past relevant work; and (8) if the claimant cannot perform past relevant work, whether the claimant can perform other work. *Spearman v. Comm. of Social Security*, 84 F.Supp.3d 531, 534-535 (N.D.Miss. 2015). In conducting this analysis, the Commissioner bears the burden of proof and may terminate benefits if substantial evidence demonstrates (1) that the claimant has undergone medical improvement related to his ability to do work; and (2) that the claimant is currently able to engage in substantial gainful activity. *Griego*, 940 F.2d at 943-44.

In the instant case, Plaintiff fails to argue either that the ALJ's decision is not supported by substantial evidence or that the ALJ failed to use the proper legal standards. *See Brown*, 192 F.3d at 496. In her two-page response, Plaintiff merely states that she is 55 years old, had a total hip replacement at age 15, and has "had bad eyes since 12 years". Doc. [10] at 1. Although Plaintiff attached 40 pages of medical records, she does not cite to any of the records in her response. Nor does she explain their significance as they relate to the cessation of benefits. Plaintiff's failure to identify any point of error is a sufficient reason to affirm the ALJ's decision. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"); *American Airlines, Inc. v. Department of Transp.*, 202 F.3d 788, 797 (5th Cir. 2000) (declining to remand where appellant failed to show that error in administrative proceeding was harmful). As explained in the Court's order of March 10, 2017, "[t]he issues before the court are limited to the exact issues properly raised in the [parties'] briefs." Doc. [4] at 1. Plaintiff has raised no specific issue in her brief.

Regardless, the undersigned finds that the ALJ did apply the proper legal standard and that substantial evidence supports the ALJ's decision. The ALJ applied the eight-step evaluation process for disability cessation cases concerning Title II claims and the seven-step process concerning Title XVI claims. Doc. [9] at 17-22. The ALJ addressed each step in detail. The ALJ's decision that Plaintiff was no longer disabled by vision problems rests on substantial evidence. For example, the ALJ noted that Plaintiff did not complain of any ongoing visual problems at the February 3, 2016, hearing. *Id.* at 20, 31-42. Plaintiff was able to engage in activities that require good vision, such as driving, riding a bicycle, and shopping in stores. *Id.* at

22, 152. Dr. Robert Culpepper, a state agency medical consultant, reported that Plaintiff had 20/30 visual acuity in each eye and did not have a severe visual impairment. *Id.* at 281.

At the ALJ hearing, Plaintiff suggested that other impairments now rendered her disabled. These included back pain, asthma, a permanent cold, arthritis, and headaches. *Id.* at 32, 37-40. However, in her memorandum, Plaintiff does not cite to her back condition, or any other condition for that matter, as a basis for reversing or remanding the ALJ's decision. Nevertheless, as observed by the ALJ, no treating physician reported significant physical limitations. *Id.* at 21. For example, Dr. Phillip Compton conducted a comprehensive medical examination and reported that Plaintiff should be able to sit, stand, or move about for eight hours a day during an eight-hour work day. *Id.* at 203, 205-06. Dr. Compton further opined that Plaintiff should be able to lift and carry heavy objects; handle and manipulate small objects; and make appropriate occupational, personal, and social adjustments. *Id.* at 206. As reflected in the medical record, physical examinations consistently revealed normal coordination, ambulation, gait, muscle tone, range of motion, and strength in the upper and lower extremities. *Id.* at 213, 216, 221, 225, 230, 274, 276-77, 279-80, 292-93, 447. Dr. William Hand reported that Plaintiff "has had low back pain which has responded to conservative treatment and is not severe." *Id.* at 282. Chest and pelvis x-rays revealed no abnormalities. *Id.* at 284, 286. Dr. Harold Coulter attempted to conduct a consultative examination, including examinations of Plaintiff's coordination, station, and gait. *Id.* at 288. However, Dr. Coulter reported that Plaintiff refused to cooperate with a basic examination and swore at him. *Id.* As a result, Dr. Coulter terminated the examination. *Id.* at 21, 288. Based on the foregoing, there was substantial evidence to support the ALJ's finding of no disability related to Plaintiff's complaints of back pain.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the decision of the Commissioner be AFFIRMED.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 16th day of June, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE